UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S DISTRICT COURT
EASTERN DISTRICT OF LA
2003 OCT 22 PM 4:20
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| LEONARD FORSTALL, TRACY FORSTALL FATTA AND TERRY FORSTALL CAPPAL | CASE NO. 03-2958 <br> DIVISION: |
| versus | JUDGE SECT. B MAG 3 |
| NORTH SHORE REGIONAL MEDICAL CENTER, NORTH SHORE SURGICAL AFFILIATES, TIMOTHY B. EHRLICH, M.D., DAVID B. KAPLAN, M.D. AND JOHN DOE, M.D. | MAGISTRATE: |

Filed:_____          _____
                                                                          **Deputy Clerk**

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Leonard Forstall, Tracy Forstall Fatta and Terry Forstall Cappal, all persons of the full age of majority with due capacity to sue, who as their complaint against defendants respectfully allege:

1.

Petitioners are the surviving spouse and children, respectively, of Bonnie Kay Forstall, deceased, and are therefore the proper parties to bring this action under the Emergency Medicine Treatment and Active Labor Act, 42 U.S.C. § 1395dd.

2.

This Honorable Court has jurisdiction over this matter under 28 U.S.C. § 1331 in that this matter arises out of the statutes of the United States.

1

3.

Defendant North Shore Regional Medical Center is a general hospital licensed to operate in the State of Louisiana maintaining its principal place of business in the Parish of St. Tammany, State of Louisiana, within this judicial district.

4.

Defendant North Shore Surgical Affiliates is, upon information and belief, a Louisiana partnership not registered with the Louisiana Secretary of State which is organized and exists for the principal purpose of engaging in the practice of medicine and is the employer of defendants Timothy B. Ehrlich, M.D. and David B. Kaplan, M.D.  Defendant North Shore Surgical Affiliates has its registered office and principal place of business in the Parish of St. Tammany, State of Louisiana, within this judicial district.

5.

Defendant Timothy B. Ehrlich, M.D. is a person of the full age of majority, resident of and domiciled in the Parish of Orleans, State of Louisiana, who at all material times was licensed to practice medicine in the State of Louisiana.  Dr. Ehrlich is domiciled within this judicial district.

6.

Defendant David B. Kaplan, M.D. is a person of the full age of majority, resident of and domiciled in the Parish of Orleans, State of Louisiana, who at all material times was licensed to practice medicine in the State of Louisiana.  Dr. Kaplan is domiciled within this judicial district.

7.

Defendant John Doe, M.D. is a pseudonym for a person of full age of majority licensed to

practice medicine in the State of Louisiana, whose true identity is currently unknown to plaintiffs and whose domicile is currently unknown to plaintiffs. Dr. Doe was at all material times employed by North Shore Regional Medical Center as an emergency room physician.

8.

On October 22, 2001 at 3:00 p.m., Mrs. Bonnie Forstall was discharged from North Shore Regional Medical Center after having undergone a partial colectomy performed by Dr. Ehrlich. At and following her discharge, Mrs. Forstall was suffering from diarrhea. Discharge medications included Lomotil for diarrhea and Zydone for pain.

9.

Immediately following her discharge, Mrs. Forstall began to experience nausea and vomiting and continued to experience diarrhea.

10.

On October 23, 2001 at 6:20 p.m., Mrs. Forstall went to the emergency room at North Shore Regional Medical Center complaining of pain post colectomy, as well as nausea, vomiting, diarrhea, all of which had persisted since discharge the previous day. At the time she presented to the emergency room, Mrs. Forstall was so weak she could not walk, and required the assistance of two hospital or EMS employees to enter the emergency department. After entering the emergency department, Mrs. Forstall continued to suffer nausea, vomiting and diarrhea.

11.

At 6:40 p.m., the emergency room nurse, B. Ashley, R.N., spoke with Dr. Kaplan, who was on call for Dr. Ehrilch and explained that the emergency room was saturated with acute patients and multiple ambulance patients with extended wait time and that Mrs. Forstall was

discharged only the previous day after colon surgery and continued to suffer nausea, vomiting and diarrhea post discharge. Nurse Ashley requested direct admit orders for Mrs. Forstall to expedite care.

12.

Admit orders were received by telephone and Mrs. Forstall was admitted to room 418. Prior to admission, she was not seen by the emergency room physician, defendant John Doe, M.D.

13.

After admission, Mrs. Forstall continued to suffer as before, requiring bed changes at 8:00 p.m., 9:00 p.m. and 10:00 p.m. Mrs. Forstall was too weak to get out of bed to use the bathroom and had no control over her bowel movements.

14.

Dr. Kaplan visited Mrs. Forstall at 7:20 a.m. on October 24, 2001. Between the hours of 6:20 p.m. on October 23 and 7:20 a.m. on October 24, Mrs. Forstall was not seen by any medical doctor or physician.

15.

By 7:20 a.m. on October 24, Mrs. Forstall was complaining of shortness of breath. Dr. Kaplan ordered oxygen. At 7:30 a.m. Mrs. Forstall's respirations were 32 and shallow. At 7:55 a.m. Mrs. Forstall was in distress and Dr. Kaplan ordered her transferred to ICU at 8:05 a.m.

16.

At 8:30 a.m. in ICU, a code blue was called which lasted until 9:00 a.m. at which time fluid resuscitation was started.

17.

On October 29, 2001 an EEG was performed which indicated the Mrs. Forstall suffered from severe anoxic brain injury. Mrs. Forstall died on November 11, 2001.

18.

The regulations of North Shore Regional Medical Center require that a patient presenting to the emergency room for medical treatment must be seen by a physician within two hours after arrival at the emergency room. Mrs. Forstall was not seen by a physician for 11 hours after arrival at the emergency room.

19.

Pursuant to 42 U.S.C. § 1395dd (hereafter the Emergency Medical Treatment and Active Labor Act, or "EMTALA"), if any individual presents to a hospital emergency room, the hospital must provide for an appropriate medical screening examination to determine whether or not an emergency medical condition exists.

20.

North Shore Regional Medical Center is a facility with more than 100 beds.

21.

Further, pursuant to EMTALA, if after initial examination a physician determines that an individual requires the services of an on-call physician and the on-call physician fails or refuses to appear on a timely basis, the hospital remains responsible for the failure or refusal of its on-call physician to timely appear to care for the patient.

22.

Mrs. Forstall presented to the emergency department at Northshore Regional Medical

5

Center manifesting acute symptoms of sufficient severity to require immediate medical attention to avoid serious impairment of bodily functions and serious dysfunction of her brain and other bodily organs and parts.

23.

North Shore Regional Medical Center is a participating hospital within the meaning of EMPALA.

24.

Mrs. Forstall suffered personal harm and ultimately death as a result of North Shore Regional Medical Center's violation of the requirements of EMPALA.

WHEREFORE, plaintiffs pray that defendants be cited and served with this petition and that after due proceedings had there will be judgment in favor of plaintiffs and against the defendants in the amount of EMPALA's statutory $50,000 penalty per violation of the act, for damages and for statutory equitable relief provided by EMPALA in a specific amount found proper by the court.

Respectfully submitted,
TARCZA & ASSOCIATES, LLC

_____
Robert E. Tarcza, No. 21655
Michael A. Triay, No. 22878
Whitney Building, Suite 1310
228 St. Charles Avenue
New Orleans, Louisiana 70130

Tel.   (504)   525-6696
Fax   (504)   525-6701

SERVICE INSTRUCTIONS:

North Shore Regional Medical Center
c/o Mr. Rene' Goux, CEO
100 Medical Center Drive
Slidell, Louisiana 70461

North Shore Surgical Affiliates
1850 Gause Blvd., Suite 202
Slidell, Louisiana 70461

Dr. Timothy B. Ehrlich
1850 Gause Blvd., Suite 202
Slidell, Louisiana 70461

Dr. David B. Kaplan
1850 Gause Blvd., Suite 202
Slidell, Louisiana 70461